**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| REFRESCO BEVERAGES US INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No.: N25C-02-503 EMD CCLD |
| CONGO BRANDS PROCUREMENT | ) |
| LLC and PRIME HYDRATION LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER GRANTING MOTION TO DISMISS AS
TO COUNT III OF THE COMPLAINT**

On August 13, 2025, the Court held a hearing on Defendants' Motion to Dismiss. At the conclusion of the hearing, the Court issued a bench ruling denying the Motion to Dismiss as to Counts I and II of the Complaint. The Court took under advisement the Motion to Dismiss as to Count III of the Complaint.

Count III seeks a declaratory judgment. Specifically, Plaintiff asks the Court to "[a]ward Plaintiff a declaratory judgment that Defendants are estopped from denying that the Truesdale Agreement remained in effect through April 5, 2025."[1]

Defendants contend that Plaintiff's requested declaratory relief simply repackages the relief sought in Counts I and II, and must be dismissed as duplicative.[2] Defendants maintain that Plaintiff's requested declaratory relief encompasses the exact same arguments and issues raised in its affirmative counts.[3] Plaintiff argues that Count III does not seek a declaratory judgment that the Truesdale Agreement was breached.[4] Instead, Plaintiff claims that Count III seeks an

---

[1] Compl. at 45.
[2] *See* Mot. at 35.
[3] *See id*. at 36; *see also* Compl. ¶ 85.
[4] *See* Opp'n at 34.

alternative remedy, *i.e.*, a declaration that Defendants are estopped from asserting that the Truesdale Agreement terminated on November 15, 2023.[5]  Plaintiff asserts that the declaratory count is sufficiently distinct: "[A] decision on the [breach of contract] count[] would not resolve the declaratory count."[6]

"A declaratory judgment is a statutory action that is meant to 'provide relief where a claim is ripe but would not support an action under common-law pleading rules.'"[7]  Simply put, "there is no need for a declaratory judgment where a claimant has recourse to the common law."[8]  "[T]o survive dismissal, a declaratory count must be distinct from the affirmative count such that 'a decision on the affirmative counts would not resolve the declaratory count.'"[9]

The Court has considered the parties' arguments on Count III.  The Court finds that Count III seeks, in essence and in form, the same relief sought in Counts I and II.  The Court has already denied the Motion to Dismiss as to Counts I and II.  Accordingly, Plaintiff has recourse in the common law for either: (i) breach of contract; or (ii) promissory estoppel.

For these reasons, the Court will GRANT the Motion to Dismiss as to Count III.

**SO ORDERED.**

August 28, 2025
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, President Judge

cc:     File&ServeXpress

---

[5] *See id*.
[6] *See id*. at 35; *see also Columbus US Inc. v. Enavate SMB, LLC*, 2024 WL 5274569, at *7 (Del. Super. Dec. 23, 2024).
[7] *See Columbus US Inc*, 2024 WL 5274569, at *17.
[8] *See id*.
[9] *See id*.; *see also Blue Cube Spinco LLC v. Dow Chem. Co.*, 2021 WL 4453460, at *15-17 (Del. Super. Sept. 29, 2021).